**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 1 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

KEVIN ADAKAI,

        Plaintiff-Appellee,

v.

FRONT ROW SEAT, INC., doing
business as Video City, a New Mexico
corporation,

        Defendant-Appellant,

    and

GERALD W. STANSBURY and
TAMMY D. STANSBURY,
individually,

        Defendants.

No. 96-2249
(D.C. No. CIV-94-1321-BB)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant Front Row Seat, Inc.[1] appeals from a jury verdict awarding plaintiff Kevin Adakai $18,000.00 actual damages and $5,000.00 punitive damages in this Title VII action. We affirm.

Mr. Adakai was hired as a shift manager by defendant in its video rental store. He was fired approximately two and one-half weeks later. Mr. Adakai alleged he was fired because of his Native American race and his long hair which he stated was an integral part of his heritage. Defendant contended that Mr. Adakai had voluntarily terminated his employment, see Appellee's Supp. App. at 1 (Pretrial order) and, in the alternative, that if he had been terminated, it was because he had failed to comply with defendant's grooming standards relating to his long hair, and not because of his race, see id. at 2; Appellant's App. A-28 at 2-3 (Brief in support of defendants' motion for summary judgment).

On appeal defendant argues the district court erred in denying its motion for summary judgment and motion for judgment as a matter of law. Defendant

---

[1] The individual defendants, Gerald W. and Tammy D. Stansbury, co-owners of Front Row Seat, Inc. were dismissed by Mr. Adakai at trial. We, therefore, refer only to defendant Front Row Seat, Inc. in this order and judgment.

also asserts the evidence was insufficient to support the jury's verdict, testimony by one witness was incorrectly excluded, and the evidence was insufficient to warrant a jury instruction on punitive damages.

Defendant argues that Mr. Adakai failed to establish a prima facie case under Title VII and, therefore, the district court should have granted its motion for summary judgment. When a Title VII case has been fully tried to a jury, the issue of whether the plaintiff has established a prima facie case drops out, and we only consider whether the plaintiff proved his claim at trial. See Coleman v. B-G Maintenance Management of Colo., Inc., 108 F.3d 1199, 1205 (10th Cir. 1997) (citing Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1491 (10th Cir. 1994)). We do not review this issue.

Defendant also argues the district court erred in denying its motion for a judgment as a matter of law, see Fed. R. Civ. P. 50(a), and that the evidence was insufficient to support the jury's verdict. We are unable to review these arguments. "It is the responsibility of appellant's counsel to file an appendix sufficient for consideration and determination of the issues on appeal." 10th Cir. R. 30.1.1. Tenth Cir. R. 10.1.1 requires the appellant to "ordinarily" include the entire trial transcript in its appendix when sufficiency of the evidence is raised. While defendant did include a major portion of the transcript, significant

omissions are present.  We have no idea whether the omitted portions[2] are truly irrelevant or whether they contain evidence contrary to defendant's position. Further, due to the omissions, testimony is presented by witnesses who are unidentified to this court.  Defendant has made no attempt to assist the court by identifying who is testifying.

Defendant contends that the district court erred in not permitting it to present the contents of Ms. Stansbury's conversation with an unavailable witness, Mr. McManus.  Mr. Adakai was permitted to present statements Mr. McManus had made to him pursuant to Fed. R. Evid. 801(d)(2).

We review the trial court's evidentiary decisions for abuse of discretion and we are particularly deferential on ruling concerning the admission of hearsay evidence.  United States v. Knox, No. 95-5274, 1997 WL 574549, at *3 (10th Cir. Sept. 17, 1997).  We will reverse the district court's ruling only "if a substantial right of the party is affected."  Fed. R. Evid. 103(a).

Mr. Adakai testified that Mr. McManus related to him derogatory statements Mr. and Ms. Stansbury, co-owners of the video store, had made to him regarding Mr. Adakai's race.  Counsel for Ms. Stansbury advised the court he wished to present her version of the conversations as an inconsistent statement.

---

[2]     While Mr. Adakai has submitted several additional pages of trial transcript, there are not sufficient to remedy defendant's omissions.

An inconsistent statement is not hearsay and may be admitted if the inconsistent statement meets certain requirements as listed under Fed. R. Evid. 801(d)(1). Clearly, counsel sought admission of Ms. Stansbury's version of the conversation "to prove the truth of the matter asserted." Id. Rule 801(c).

Counsel now seeks admission of the conversation under Rule 806 as an impeaching statement. This ground was not presented to the district court and we will not consider it here, except to determine whether the district court's ruling amounted to plain error. See Pandit v. American Honda Motor Co., 82 F.3d 376, 379 (10th Cir. 1996) (while "[w]e review evidentiary rulings for abuse of discretion, . . . if the complaining party fails to make a contemporaneous objection, we determine only if the ruling was plain error").

The record before us shows that Ms. Stansbury was permitted to rebut the testimony that she had made racially disparaging comments. She testified that she would never make the comments attributed to her. Ms. Stansbury could not have hoped to do more. No reversible error occurred.

Finally, defendant argues that the evidence was insufficient to submit the issue of punitive damages to the jury. Whether the evidence is sufficient to support an award of punitive damages is a question of law which we review de novo. See Fitzgerald v. Mountain States Tel. & Tel. Co., 68 F.3d 1257, 1262 (10th Cir. 1995).

In a Title VII case, punitive damages may be awarded "if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). The defendant's acts need not have been "extraordinarily egregious" to support a finding of punitive damages. See Luciano v. Olsten Corp., 110 F.3d 210, 220 (2d Cir. 1997). "The requisite level of recklessness or outrageousness [required to support punitive damages] can be inferred from management's participation in the discriminatory conduct." Kim v. Nash Finch Co., Nos. 95-2021, 95-2074, 1997 WL 471351, at *19 (8th Cir. Aug. 20, 1997) (quotation omitted).

Here, the evidence shows that the Stansburys were reported as calling Mr. Adakai a "scuzzy Navajo," Appellant's App. TTD at 198, and a "long-haired, scuzzy Navajo guy," Appellee's Supp. App. at 18. Mr. Stansbury reportedly told Mr. McManus to "get rid of that goddamned Indian." Appellant's App. TTD at 49. Ms. Stansbury reportedly stated, "We can't have that guy working for us" after she had called Mr. Adakai that "long-haired, scuzzy Navajo guy." Appellee's Supp. App. at 19. Testimony was also presented that "'scuzzy, long-haired Navajo' was repeated several times over the course of that week." Id. at 20.

Ms. Stansbury denied these statements, but the credibility of the witnesses is one for the jury which we will not disturb. See Thunder Basin Coal Co. v. Southwestern Pub. Serv. Co., 104 F.3d 1205, 1212 (10th Cir. 1997); see also FDIC v. Hamilton, No. 96-6104, 1997 WL 430022, at *4 (10th Cir. July 28, 1997) ("We are not empowered to undertake a review of the evidence which would amount to a trial de novo"). The evidence cited could be viewed by the jury as sufficient to show malice or reckless indifference to Mr. Adakai's federally protected right to be free of discriminatory practices because those rights were violated by management itself.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

                                        Entered for the Court


                                        Stephen H. Anderson
                                        Circuit Judge